```
                                                    USDC SDNY
                                                    DOCUMENT
UNITED STATES DISTRICT COURT                        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #: _____
-----------------------------------------------------------x  DATE FILED: April 6, 2011
WILNER GERMAIN,                               :
                                              :
                      Plaintiff,              :      09 Civ. 75 (PAC) (DF)
                                              :
       - against -                            :      ORDER ADOPTING R&R
                                              :
MICHAEL J. ASTRUE, COMMISSIONER               :
OF SOCIAL SECURITY,                           :
                                              :
                      Defendant.              :
-----------------------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff Wilner Germain ("Plaintiff") brings this action against the defendant, Michael J. Astrue, Commissioner of Social Security ("Defendant"), challenging the decision of an administrative law judge ("ALJ"), dismissing his claim for Social Security benefits. On September 11, 2007, this Court issued an order dismissing a previous complaint due to Plaintiff's failure to exhaust his administrative remedies. (See Germain v. Barnhart, 05 Civ. 3058 (PAC) (DF), Opinion and Order, dated Sept. 10, 2007). Following the ALJ's subsequent decision, Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), which grants this Court authority to review any final decision of the Commissioner of Social Security.

Plaintiff challenges the ALJ's denial of his claim for Social Security benefits on the ground that the decision was not supported by substantial evidence. (Compl. ¶ 9). In response to Plaintiff's complaint, Defendant requested a judgment reversing the ALJ's decision, and moved for a remand, on the grounds that the ALJ made procedural errors in conducting the September 2008 hearing, and that the record of the hearing is incomplete. (Answer ¶ 12). Plaintiff not only supported Defendant's motion but, in fact, asked the Court to grant Defendant's request. (See Pl.'s Affirmation in Opposition to Motion ¶ 1.)

1

On December 10, 2009, Magistrate Judge Freeman issued her Report and Recommendation ("R&R"), recommending that this Court grants the parties' request for a remand. Plaintiff filed an objection to the R&R on April 4, 2010.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues *de novo*. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

Under 42 U.S.C. § 405(g), "[t]he Court [has] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In addition, "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner." Id.  Based on Section 405(g), and the parties' apparent agreement that the case should be remanded, Magistrate Judge Freeman recommended that the ALJ be directed:

(1) to provide Plaintiff with an opportunity to review the full content of his claims files, in accordance with the Commissioner's rules;

(2) to attempt to find the disability report upon which he relied in his decision, and which was not made part of the administrative record, and to reconstruct the record, if necessary; and

(3) to provide a full translation of any French language documents in the record.

(R&R 2.)

Plaintiff's objection simply states that he "does not consent to such remand." (Obj. 1). Plaintiff, however, initially requested that Magistrate Judge Freeman grant Defendant's motion for remand. (See Pl.'s Affirmation in Opposition to Motion ¶ 1.) As Plaintiff has failed to provide the basis for his

2

objection, and as there is ample evidence to support Magistrate Judge Freeman's conclusion, it is clear that Magistrate Judge Freeman's findings recommendation of remand is proper.

Accordingly, Defendant's motion is GRANTED. The Clerk of Court is directed to remand this matter to the Commissioner of Social Security. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
April 6, 2011

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Wilner Germain
P.O. Box 1052
Bronx, NY 10452

Leslie A. Ramirez-Fisher
Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007

3